# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL DALE ROBINSON, § | |
|    Petitioner § | |
| § | |
| VS. § | C.A. NO. C-05-58 |
| § | |
| DOUG DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE–INSTITUTIONAL DIVISION, § | |
|    Respondent § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Allred Unit in Iowa Park, Texas. The actions about which he complains occurred in San Patricio County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on January 21, 2005(D.E. 1). Petitioner claims that he received ineffective assistance of counsel at his criminal trial. Respondent filed a motion for summary judgment on May 26, 2005 to which petitioner responded on June 13, 2005 (D.E. 14, 16).

## BACKGROUND

On June 20, 1991, following a plea of no contest, petitioner was convicted of two counts of burglary and of being an habitual offender in the 136th District Court of San Patricio County, Texas. A pre-sentence investigation was ordered and at a punishment hearing, petitioner was sentenced to a term of life imprisonment. His attorney filed a motion for rehearing of the punishment phase of the trial and on September 12, 1991 punishment was reassessed at 40 years incarceration. Petitioner did not file a direct appeal (Ex Parte Robinson, App. No. WR-56,265-01 at 19; Ex Parte Robinson, App. No. 56,265-02 at 19).

In 2003 petitioner filed an application for habeas corpus relief in state court. The Texas Court of Criminal Appeals remanded his application for an evidentiary hearing and/or affidavits on September 10, 2003 (Id. at cover).

The trial court issued findings of fact and conclusions of law and recommended that petitioner's application be denied (Ex Parte Robinson, App. No. WR-56,265-01 at 19-21). The court noted that petitioner's attorney had not filed an affidavit although she had been ordered to do so and her whereabouts were unknown. The court understood that the attorney's bar license had been suspended or that she was disbarred from the practice of law some years previously (Id. at 19). The court further noted that the record was incomplete because there was no statement of facts from the plea or rehearing on punishment and the pre-sentence investigation was not available. The only statement of facts available was from the first punishment hearing (Id. at 20). After reviewing the documents present in the file, the court concluded that while it was possible that petitioner requested that his attorney file a notice of appeal, there was nothing in the record to either substantiate or contradict his claim. The court also noted that petitioner waited three years to communicate with the trial court in any manner and then waited 12 years to file the state habeas claiming his attorney failed to represent him on appeal. The trial court concluded that the preponderance of the evidence weighed against petitioner and recommended that the application be denied (Id. at 20-21). On December 15, 2004 the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing (Id. at cover).

Petitioner filed his application for habeas corpus relief in this court on January 21, 2005 and makes the following claims: (1) He entered an involuntary plea because he understood that the trial court would do a pre-sentence investigation and then either release him under parole supervision or let him proceed to a jury trial. Petitioner did not know that the court had the

authority to convict him and did not know that the court would not allow him to withdraw his plea; (2) The prosecution failed to disclose the evidence it had against him; (3) His attorney did not appear at the re-sentencing hearing; (4) His attorney refused to file an appeal for him and (5) he has been subjected to cruel and unusual punishment because he has been incarcerated for 14 years for a non-violent offense and the law has changed to the effect that if he were convicted of the same crime today he would be subject to a lesser punishment.

Respondent moves to dismiss petitioner's complaint as untimely. In a letter petitioner wrote to the clerk during the pendency of his state habeas application, he stated that he waited three years to contact the clerk's office and 12 years to file an application for habeas relief because he is ignorant of the law, was unable to hire an attorney because of his indigence and did not know that it was possible to seek relief by way of habeas corpus until shortly before he filed his application (letter from petitioner to Court of Criminal Appeals received on December 15, 2003, attached to Ex Parte Robinson, App. No. 56,265-02).

## APPLICABLE LAW

### A. Statute of Limitations

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus on January 21, 2005 and so is subject to its provisions. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

In United States v. Flores, 135 F.3d 1000 (5th Cir. 1998) the Fifth Circuit held that prisoners were entitled to a reasonable time after the AEDPA became effective to file petitions for collateral relief under 28 U.S.C. §§ 2254 and 2255. The Court further found that a reasonable period under AEDPA for causes of action accruing prior to April 24, 1996 was one year from the date it was enacted, or April 23, 1997. Id., 135 F.3d at 1006.

The limitation period in petitioner's case expired one year after the thirty-day period for filing a direct appeal, or October 11, 1992, TEX. R. APP. P. 26.2(a).[1] Hence Flores's one-year reasonable time limit would apply, making the last day he could have filed his petition April 23, 1997. Petitioner did not file his petition suit until January 21, 2005, almost 12 years after the deadline, making it time-barred.

---

[1] Petitioner's second sentence was imposed on September 12, 1991. Ex Parte Robinson, App. No. 56,265-02 at 19. He had 30 days, until October 12, 1991, to file his direct appeal.

4

Also, although the one-year grace period is tolled during all time periods in which a properly filed state petition for habeas corpus is pending, Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1998), petitioner did not file his state court application until well after the deadline had passed, so the period was not tolled. Nor has petitioner shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (citations omitted). Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. Henderson v. Johnson, 1 F.Supp.2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). See also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). In his state court application petitioner asserted that he filed his cause of action late because he was ignorant about the law and unable to afford the services of an attorney. These reasons do not justify the application of equitable tolling. Nowhere in his petition or his response to the motion for summary judgment does petitioner claim he was actively misled by the state, nor does he allege that a copy of AEDPA was unavailable in his prison unit law library. Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003).

Finally, as argued by respondent, the length of the delay, twelve years, does not weigh in petitioner's favor. "[E]quity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (citations omitted). The petition is time barred.

**C. Certificate of Appealability**

The Supreme Court has stated that the showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right. Hernandez v. Johnson, 231 F.3d 243, 248 (5th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. See Clark v. Johnson, 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack, 529 U.S. at 484. A determination of the merits of a claim should not be part of the decision to issue a COA. Rather, it is the debatability of the underlying constitutional claim, rather than its resolution, that controls whether a COA should issue. Miller-El v. Cockrell, 537 U.S. 332, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is recommended that the COA be denied because he has not made the necessary showing for issuance. Reasonable jurists would not debate the well-settled principles of law which preclude relief for petitioner.

**RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment (D.E. 14) be granted and petitioner's cause of action for habeas corpus relief be dismissed as time-barred. It is further recommended that if petitioner seeks a COA, it be denied.

Respectfully submitted this 28th day of September, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).